IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                       )
                                             )
HAROLD LEE WATHAN, JR., and                  )   Bankruptcy Case No. 08-32583
THERESA WATHAN,                              )
                                             )
                          Debtors.           )
                                             )
EDWARD J. MaGUIRE,                           )
                                             )
                          Plaintiff,         )
                                             )
              vs.                            )   Adversary Case No. 09-3098
                                             )
HAROLD LEE WATHAN, JR.,                       )
                                             )
                          Defendant.         )

OPINION

This matter having come before the Court for trial on a Complaint to Determine
Dischargeability of Debt; the Court, having reviewed the evidence adduced at trial and the
arguments of counsel, and being otherwise fully advised in the premises, makes the following
findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy
Procedure.

In 2004, both the Plaintiff and the Defendant were employed as independent contractors
for Primerica Financial Services, Inc. (Primerica). Primerica marketed insurance and various
forms of investment opportunities. Primerica did business through a pyramidal structure, and
both the Plaintiff and the Defendant were high in the chain and were well acquainted with each
other professionally and personally.

Following lengthy negotiations, the Plaintiff sold his financial services accounts to the
Defendant on December 1, 2004. The sale was memorialized by a Transfer and Consent
Agreement, which was largely prepared by the corporate offices of Primerica. The Plaintiff and
the Defendant were allowed to make some minor changes to the agreement, with final corporate
approval required. Pursuant to the agreement, the Defendant signed a Promissory Note in favor

of the Plaintiff, which provided that the Defendant was to pay the Plaintiff the sum of $3,537,937 in 180 monthly installments, beginning on January 25, 2005, and concluding on December 25, 2019.  The evidence at trial established that, within 3 months of the signing of the Transfer and Consent Agreement, the Plaintiff was complaining that he was not receiving monthly reports.  By April 2005, the Plaintiff was complaining that he was not receiving his monthly payments in a timely manner.

As a result of the reporting and payment difficulties, the Plaintiff was forced to file a formal complaint with Primerica, and further meetings and negotiations were held in an attempt to resolve the problems.  A meeting was held in January 2006, in which the parties agreed on terms to remedy problems under the December 1, 2004, agreement.  Despite their best efforts to continue under the agreement, further problems ensued, and the Plaintiff declared another official default under the agreement, which the Defendant testified that he officially conceded to on or about May 26, 2006.

As a result of mounting debt, the Defendant and his wife filed for relief under Chapter 13 of the Bankruptcy Code on November 18, 2008.  Debtors scheduled the debt to the Plaintiff as an unsecured obligation.  The Defendant's Chapter 13 bankruptcy proceeding was subsequently converted to one under Chapter 7, on February 10, 2009.  The instant adversary proceeding was filed by the Plaintiff on March 11, 2009, in which the Defendant sought to have his debt against the Defendant declared non-dischargeable pursuant to three separate sub-sections of 11 U.S.C. § 523(a).

Under 11 U.S.C. § 523(a), the party seeking to establish an exception to the discharge of a debt bears the burden of proof.  In re Scarlata, 979 F.2d 521 (7th Cir. 1992).  A creditor must meet this burden of proof by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654 (1991).  To further the policy of providing a debtor a fresh start in bankruptcy, exceptions to discharge are to be construed strictly against a creditor and liberally in favor of a debtor.  Meyer v. Rigdon, 36 F.3d 1375 (7th Cir. 1994).

2

The Court will first address the Plaintiff's contention that the debt at issue is non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(19).  Section 523(a)(19) states:

> (a)    A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
>> (19)    that --
>>
>>> (A) is for --
>>>
>>>> (i)    the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>>>>
>>>> (ii)    common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>>>
>>> (B)    results, before, on, or after the date on which the petition was filed, from --
>>>
>>>> (i)    any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>>>>
>>>> (ii)    any settlement agreement entered into by the debtor; or
>>>>
>>>> (iii)    any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

A review of the testimony at trial and the documentary evidence submitted reveals no evidence that the Defendant in any way violated any Federal or State securities laws as required by § 523(a)(19).  There has been no showing that the Plaintiff was defrauded as an investor by the Plaintiff under either Federal or State securities laws.  This being the case, the Court has no difficulty in concluding that the Plaintiff has failed to establish a claim for non-dischargeability under 11 U.S.C. § 523(a)(19).

Next, the Court turns to the Plaintiff's theory that his claim is non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(4).

3

Pursuant to 11 U.S.C. § 523(a)(4):

(a)   A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

Chief Bankruptcy Judge Thomas L. Perkins, in In re Beetler, 368 B.R. 720, 725 (Bankr. C.D. Ill. 2007), stated:

In order to prevail under the fiduciary fraud portion of the statute, a creditor must prove that (1) a fiduciary relationship existed between her and the debtor, and (2) fraud or defalcation was committed by the debtor in the course of that relationship. *In re Monroe*, 304 B.R. 349 (Bankr. N.D.Ill. 2004).

Whether a debtor is a fiduciary under Section 523(a)(4) is a question of federal law. *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000). The federal definition of fiduciary for this purpose is narrower than under state law. The existence of the trust must predate the breach. The equitable remedy of a constructive trust or resulting trust is not included within the term since the trust obligations do not exist until the wrong is committed. *Id.*; *Matter of Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994). Even if a trust is nominally in existence, but where no real duties of a fiduciary character are imposed in advance of the breach, the absence of such preexisting duties takes the trust outside of the scope of Section 523(a)(4). *Marchiando*, 13 F.3d at 1116. A fiduciary relation that imposes real duties in advance of the breach is almost always characterized by a difference in knowledge or power between fiduciary and principal which gives the fiduciary a position of ascendancy over the principal. *Id.*

In examining the evidence before it in this matter, the Court finds that there is no express trust stated within the terms of the Transfer and Consent Agreement executed by the parties on December 1, 2004. The Transfer and Consent Agreement is a straightforward contractual agreement that does not establish a fiduciary relationship between the parties. Additionally, the Court finds, from the testimony of the parties, that Plaintiff did not establish any difference in knowledge or power between the parties. The Defendant did not have a position of ascendancy over the Plaintiff. Both the Plaintiff and the Defendant were well versed in the hierarchy, methods, and functions of Primerica. Neither the testimony of the Plaintiff nor the Defendant was more credible than the other, and, in this regard, the Court finds that the Plaintiff failed to establish by a preponderance of the evidence that any trust relationship existed between the

4

parties.  There being no trust relationship, the Court finds that there was no fiduciary duty for the Defendant to have breached.  While it is clear that the Defendant breached his contractual obligations under the Transfer and Consent Agreement, there is absolutely no evidence of a breach of a fiduciary relationship.

Finally, the Court turns to the Plaintiff's contention that his claim is non-dischargeable under the provisions of 11 U.S.C. § 523(a)(2)(A).  The Plaintiff asserts that there are grounds to find his claim non-dischargeable under § 523(a)(2)(A) for Defendant's conduct prior to the entry of the Transfer and Consent Agreement on December 1, 2004, and also after the agreement was executed and negotiations were held concerning Plaintiff's complaint of non-reporting and non-payment by the Defendant under the agreement.

Title 11 U.S.C. § 523(a)(2)(A) states:

> (a)      A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by --
> >
> > > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

Section 523(a)(2)(A) lists three separate grounds for non-dischargeability:  actual fraud, false pretenses, and false representation.  Despite the recitation of three independent grounds, Courts have historically applied a single unified test to proceedings under this section containing the following elements:  (1) the debtor made a representation to the creditor, (2) the debtor's representation was false, (3) the debtor possessed scienter, *i.e.* an intent to deceive, (4) the creditor relied on the debtor's misrepresentation resulting in a loss to the creditor, and (5) the creditor's reliance was justifiable.  <u>Field v. Mans</u>, 516 U.S. 59, 116 S.Ct. 437 (1995).

The Plaintiff argues that the Defendant made false representations concerning his ability to better handle the Plaintiff's accounts, and that it was these false representations that the Plaintiff relief upon in entering into the Transfer and Consent Agreement of December 1, 2004.

5

The Court has carefully reviewed the testimony and documentary evidence and can find no specific false statements made by the Defendant to the Plaintiff. There were general statements about what the Defendant could do better, but there was nothing to indicate that those statements were in any way false. The contract between the parties was negotiated at arms' length and was largely drafted by the corporate offices of Primerica. Both the Plaintiff and the Defendant were well aware of the nature of the business that they were in, and the facts of this case suggest that both the parties entered into the subject transaction with hopes and aspirations that all would work out well. Unfortunately, the transaction did not go as planned, and the Plaintiff declared a default under the Transfer and Consent Agreement, to which the Defendant has conceded. In construing the provisions of 11 U.S.C. § 523(a)(2)(A) strictly in favor of the Defendant, pursuant to Meyer v. Rigdon, supra, the Court must conclude that, as to the Defendant's conduct prior to the execution of the Transfer and Consent Agreement on December 1, 2004, the Plaintiff has failed to show that the Defendant made any false representations. Further, the Court finds that there has been no showing of an intent to deceive on the part of the Defendant. As a result, there has been no justifiable reliance established on the part of the Plaintiff as to statements and representations made by the Defendant prior to December 1, 2004.

In addition to his assertion that the Defendant violated 11 U.S.C. § 523(a)(2)(A) by his conduct prior to the entry of the Transfer and Consent Agreement, the Plaintiff also contends that his debt is non-dischargeable by virtue of the Defendant's words and actions during negotiations to remedy problems under the Transfer and Consent Agreement. Plaintiff contends that he was induced to allow the Defendant a second chance under the Transfer and Consent Agreement between January 2006 and May 2006, by the Defendant's false representations in negotiations between the parties. In considering this theory, the Court finds that the Plaintiff has failed to prove an intent to deceive by the Defendant in the negotiations held between the parties in early 2006. There is certainly no direct evidence of fraudulent intent, and the Court does not find that the totality of circumstances supports the finding of an intent to deceive. Furthermore, even if

6

the Court were to have found an intent to deceive on the part of the Defendant in transactions which occurred after the execution and consummation of the Transfer and Consent Agreement, the Court must conclude that there was no justifiable reliance on the part of the Plaintiff. It is clear from the facts of this case that there were problems in reporting and in payment in the very early stages of the dealings between the parties, and, with such red flags waving, it is impossible for the Plaintiff to have claimed justifiable reliance on any representations made by the Defendant thereafter. Thus, the Court must conclude that the Plaintiff has failed to meet his burden of proof to establish non-dischargeability under 11 U.S.C. § 523(a)(2)(A) as to any of the Defendant's words or actions after the execution of the Transfer and Consent Agreement of December 1, 2004.

Having found that the Plaintiff has failed to meet his burden of proof on each of his theories raised under 11 U.S.C. § 523(a), the Court must conclude that the debt of the Defendant to the Plaintiff should be discharged in the Defendant's Chapter 7 bankruptcy proceeding, and that the Complaint to Determine Dischargeability of Debt must be denied.

ENTERED: May 5, 2010.

/s/Gerald D. Fines
GERALD D. FINES
United States Bankruptcy Judge